**Gerald V. McDONNELL and Isaac J. Taylor, Plaintiffs,**

v.

**UNITED STATES ATTORNEY GENERAL et al., Defendants.**

**Gerald Vernon McDONNELL, Plaintiff,**

v.

**Richard KLIENDIENST, Attorney General, United States, et al., Defendants.**

Civ. Nos. 74–243–E, 753239.

United States District Court,
E. D. Illinois.

Sept. 10, 1976.

Gerald V. McDonnell, pro se.

Isaac J. Taylor, pro se.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., for defendants.

## ORDER

FOREMAN, Judge.

Now before the Court are Defendants' Motions to Dismiss.

Plaintiff McDonnell is currently incarcerated in the U. S. Penitentiary at Lewisburg, Pennsylvania; Plaintiff Taylor is currently incarcerated in the U. S. Penitentiary at Atlanta, Georgia. Plaintiffs are seeking monetary damages and release from custody for their allegedly unconstitutional transfers from one institution to another within the U. S. Bureau of Prison system. Plaintiff McDonnell also has filed a lawsuit, naming different defendants, seeking damages and release from custody because of his transfer. Finding that the two lawsuits involve common questions of law and fact, this Court ordered the cases consolidated under Federal Rule of Civil Procedure 42(a). Motions to Dismiss are pending in both cases.

In No. 74–243–E Plaintiff McDonnell alleges that he was transferred, without a hearing, from the U. S. penitentiary at Lewisburg, Pennsylvania, to the U. S. Medical Center for Federal Prisoners at Springfield, Missouri, thus in violation of the Due Process Clause. Plaintiff Taylor alleges that he was transferred, without a hearing, from the U. S. Penitentiary at Marion, Illinois, to the U. S. Medical Center for Federal Prisoners at Springfield, Missouri, thus in violation of the Due Process Clause. Both plaintiffs allege that, while at the Medical Center, they were forced to work in the prison brush factory in violation of the Thirteenth Amendment's prohibition against slavery and the Eighth Amendment's prohibition against cruel and unusual punishment. In No. 753239 Plaintiff McDonnell repeats the allegations of 74–243–E, although the damages he seeks are from different defendants.

■ For purposes of defendants' Motions to Dismiss, all well-pleaded facts are regarded as true. Dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Furthermore, the allegations of a *pro se* complaint must be measured by a less stringent standard than a formal pleading drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, even under the lenient criterion applied to *pro se* complaints, the plaintiffs' allegations that a nonconsensual transfer is per se violative of their due process rights, and their allegations that their being forced to work in the prison brush factory is per se violative of the prohibitions against slavery and cruel and unusual punishment, do not state claims upon which relief may be granted.

■ The issue of whether prisoners may be transferred from one institution to another without basic procedural safeguards had produced differing results from the courts. Compare *Gomes v. Travisono*, 510 F.2d 537 (1st Cir. 1974) (such a transfer requires minimal due process safeguards) with *Hillen v. Director of Department of Social Services and Housing*, 455 F.2d 510 (9th Cir. 1972), cert. den. 409 U.S. 989, 93 S.Ct. 331, 34 L.Ed.2d 256 (1972) (no federal constitutional rights violated by a transfer) and *Aikens v. Lash*, 514 F.2d 55 (7th Cir. 1975) (entitled to a due process hearing before a disciplinary transfer). In two recent cases, however, the United States Supreme Court has clarified the law in this area. In *Meachum v. Fano*, —— U.S. ——, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the Court held that the Due Process Clause of the Fourteenth Amendment did not entitle a duly convicted state prisoner to a fact finding hearing before a transfer. Absent a state law or practice conditioning such a transfer on proof of misconduct or other specified events, there was no protectible "liberty" interest within the meaning of the Due Process Clause. In a companion case, *Montanye v. Haymes*, —— U.S. ——, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), the Court held that as long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, the Due Process Clause does not require hearings in connection with transfers whether they be labeled disciplinary or punitive. Although these cases dealt with inmates of state prison systems, the principles enunciated therein are equally applicable to inmates of the federal prison system. Thus, so long as a federal prisoner has been transferred to an institution in which he could have originally been committed, and absent any federal law or practice limiting transfers upon proof of misconduct or other specified events, a federal prisoner has no right to a hearing before being transferred from one institution to another.

■ In the cases at bar, neither plaintiff alleges that he could not have originally been confined in the U. S. Medical Center for Federal Prisoners at Springfield, Missouri. Such a position would be untenable in light of the express statutory commitment of federal prisoners to the custody of the U. S. Attorney General, 18 U.S.C. § 4081, and authorization to the Attorney General to designate as a place of confinement any institution maintained by the Federal Government, 18 U.S.C. § 4082(b).

■■ Likewise, 18 U.S.C. § 4082(b) permits the Attorney General to transfer, at any time, a person from one place of confinement to another. 28 C.F.R. § 0.96(c) delegates this latter authority to the Director of the Bureau of Prisons. The Bureau of Prison Policy Statement Number 7300.13E, Delegation of Transfer Authority, dated June 16, 1975, indicates that transfers may be ordered for several administrative reasons. The authority to order such transfers is vested in the Chief Executive Officer of each institution. That same document does state that transfers for disciplinary reasons shall be in accordance with procedures outlined in Policy Statement 7400.5, Inmate Discipline, which provides for a hearing before disciplinary action is taken.

This provision does not, however, establish a right to a hearing before all transfers. Thus, since federal law and practice neither creates a right to a hearing before all transfers nor does it create an expectation that no transfer will occur except upon proof of misconduct or other specified events, a transfer of a federal prisoner from one institution to another without a hearing violates no "liberty" interest protected by the Due Process Clause of the Fifth Amendment.

 Both plaintiffs also allege that the conditions at the Medical Center were considerably less favorable than the conditions at the institutions from which they were transferred. But, as the Supreme Court stated: "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Meachum, supra,* —— U.S. ——, ——, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451. Consequently, those paragraphs of plaintiffs' complaints which allege a denial of due process are dismissed for failure to state a claim upon which relief may be granted.

Secondly, the plaintiffs allege that they were forced to work in the prison brush factory in violation of the Thirteenth Amendment's prohibition against slavery. The Thirteenth Amendment, however, does not prohibit prison rules which require a duly tried and convicted prisoner to work during his period of incarceration, *Draper v. Rhay,* 315 F.2d 193 (9th Cir. 1963), cert. den. 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153, rehearing den. 375 U.S. 982, 84 S.Ct. 495, 11 L.Ed.2d 429. Accordingly, those paragraphs of plaintiffs' complaints which allege violations of the Thirteenth Amendment are dismissed for failure to state a claim for relief.

The plaintiffs' final allegation is that the requirement that they work in the prison brush factory subjects them to cruel and unusual punishment in violation of the Eighth Amendment. Reasonable work requirements, however, may be imposed without infringing on the prohibition against cruel and unusual punishment, *Howerton v. Mississippi County Arkansas,* 361 F.Supp. 356 (E.D.Ark.1973); *Fallis v. United States,* 263 F.Supp. 780 (M.D.Pa.1967). Plaintiffs do not allege how they are being subjected to cruel and unusual punishment. They merely allege, in conclusory terms, that they are being subjected to cruel and unusual punishment because of the requirement that they work in the prison brush factory. Without more this allegation is insufficient to state a claim.

The Court finds that the plaintiffs' complaints, even viewed most liberally towards the plaintiffs as *pro se* petitions, are insufficient to state claims upon which relief may be granted. Accordingly, consolidated cases No. 74–243–E and 753239 are hereby DISMISSED.

IT IS SO ORDERED.