Henry B. JOHNSON,
Plaintiff-Appellant,

v.

Marion S. BARRY, Jr., James Palmer, William F. Smith, Norman Carlson, and Jerry Williford, Defendants-Appellees.

No. 85–2369.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1986.
Decided April 2, 1987.

---

Nancy Horgan, Carbondale, Ill., for plaintiff-appellant.

Laura J. Jones, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., Karen S. Dworkin, Washington, D.C., for defendants-appellees.

Before CUMMINGS, Circuit Judge, CUDAHY, Circuit Judge, and MAROVITZ, Senior District Judge.*

MAROVITZ, Senior District Judge.

Appellant, Henry B. Johnson, appeals from an order of the district court adopting the magistrate's report and recommendation that Johnson's complaint be dismissed as frivolous under 28 U.S.C. § 1915(d). We affirm.

I.

In 1969 Johnson was convicted and sentenced in the United States District Court for the District of Columbia for violations of the District of Columbia Code ("D.C. Code"). Johnson was initially incarcerated at the Lorton Reformatory. Lorton is operated by the District of Columbia. The District of Columbia has the authority to promulgate disciplinary rules and procedures for Lorton. D.C. Code § 24–442. In 1973 Johnson was transferred to the federal penitentiary in Marion, Illinois. Marion is operated by the Bureau of Prisons ("BOP"). The Attorney General has the authority for promulgating disciplinary rules and procedures for federal penitentiaries. 18 U.S.C. § 4001.

Johnson asserts that the disciplinary rules and procedures in effect at Marion are less favorable to him than those in effect at Lorton. According to Johnson an inmate at Marion is afforded less due process than is an inmate at Lorton. In addition, an inmate at Marion is alleged to be subject to harsher disciplinary actions than is an inmate at Lorton.

Johnson raised two principal claims. First, he contends that there is no statutory basis for subjecting him to the disciplinary rules in effect at Marion. Johnson argues that he should continue to be subject to the disciplinary rules in effect at Lorton. Second, he contends that his fifth amendment right to equal protection under the laws is violated by the application of Marion's disciplinary rules to him.

II.

Upon his conviction in federal court Johnson was committed to the custody of the Attorney General for designation to a place of confinement. D.C.Code § 24–425; *Cannon v. United States,* 645 F.2d 1128, 1138 (D.C.Cir.1981). Johnson was originally incarcerated at Lorton. Subsequently, Johnson was transferred to Marion. The Attorney General may transfer a District of Columbia offender from one institution to another. *Beck v. Wilkes,* 589 F.2d 901, 904 (5th Cir.1979); *see also* 18 U.S.C. § 4082. In fact, the Attorney General's

---

* The Honorable Abraham Lincoln Marovitz, Senior District Judge for the Northern District of Illinois, Eastern Division, is sitting by designation.

authority to transfer is "clear and apparently limitless." *Currey-Bey v. Jackson,* 422 F.Supp. 926, 932 (D.D.C.1976). "Courts have consistently held that under [D.C.Code § 24–425], as well as under 18 U.S.C. § 4082 committing Federal offenders to the custody of the Attorney General, the Attorney General has the authority to transfer inmates in his discretion (absent constitutionally impermissible reasons) between and within the District of Columbia and Federal correctional systems." *Trice v. Kerr,* 578 F.Supp. 149, 152 (W.D.Wisc. 1983).

▮ Johnson's initial placement at Lorton was fortuitous. It vested in him no protectible interest in remaining subject to the disciplinary rules in effect at Lorton in the event that he should be transferred pursuant to D.C.Code § 24–425 and 18 U.S.C. § 4082. A prisoner "has no justifiable expectation that he will be incarcerated in any particular state." *Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983). Nor is a "liberty interest implicated when a prisoner is transferred to [an] institution with ... more severe rules." *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976).

▮ The District of Columbia has the authority to promulgate disciplinary rules and procedures for the correctional institutions under its control. 24 D.C.Code § 24–442. These disciplinary rules are for "all persons *committed* to such institutions." *Id.* (emphasis added). Once transferred to Marion, Johnson was no longer "committed" to Lorton. Thus, he is no longer subject to Lorton's disciplinary rules and procedures. Of course, this does not mean that Johnson is no longer subject to any disciplinary rules. On the contrary, disciplinary control over Johnson flowed naturally to the new institution, Marion. Disciplinary rules for federal penitentiaries are promulgated by the Attorney General pursuant to 18 U.S.C. § 4001. It is, therefore, 18 U.S.C. § 4001 which gives the BOP the authority to discipline a District of Columbia offender transferred from Lorton to Marion.

Johnson contends that his transfer from Lorton to Marion was apparently made pursuant to 18 U.S.C. § 5003 rather than D.C. Code § 42–425 and 18 U.S.C. § 4082. This argument is without merit. Johnson relies on a certain document entitled "Memorandum of Understanding." The magistrate found that the "Memorandum of Understanding" was merely a contractual agreement between the District of Columbia and the BOP pertaining the billing arrangements for District of Columbia offenders maintained in federal prison facilities. In light of the Attorney General's plenary authority to transfer inmates from Lorton, *see* D.C.Code § 42–425 and 18 U.S.C. § 4082, we find the magistrate's finding to be supported by substantial evidence.

### III.

Johnson's second contention is that his right to equal protection under the laws is violated by the BOP's application of its disciplinary rules and procedures to him, an involuntarily transferred District of Columbia offender previously incarcerated at Lorton. Of course, given the Attorney General's plenary authority to transfer Johnson, he had no protectible expectation in remaining incarcerated at Lorton. *See Meachum,* 427 U.S. at 228, 96 S.Ct. at 2540. Nor does a transfer to an institution with more severe rules trigger a violation of a protectible interest. *Id.* 427 U.S. at 225, 96 S.Ct. at 2538.

▮ Johnson has not alleged that any suspect classification is involved. Thus, there being rational reasons to discipline prisoners in a given facility according to a uniform set of rules and to discipline District of Columbia offenders differently according to the rules in effect at their respective places of confinement, there is no equal protection violation.

In summation, we find that the BOP has the authority to discipline Johnson pursuant to the disciplinary rules in effect at Marion. In addition, the application of these disciplinary rules to Johnson does not violate his right to equal protection under the laws. Therefore, the district court's

order approving the magistrate's report and recommendation that Johnson's complaint be dismissed as frivolous under 28 U.S.C. § 1915(d) is affirmed.