4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph E.L. SULLIVAN, Petitioner-Appellant,
v.
John L. CLARK,[2] Respondent-Appellee.
 No. 92-2243.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.
Decided Aug. 31, 1993.[1]
Rehearing Denied Dec. 2, 1993.
 
 Before BAUER, CUDAHY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joseph E.L. Sullivan, an inmate, appeals from the dismissal of his pro se habeas corpus action.
 
 
 2
 In 1971 petitioner was convicted of federal and District of Columbia offenses. In 1976, while on parole, he robbed a bank, was convicted, and sentenced to 20 years' imprisonment. In 1977, the United States Parole Commission issued a violator warrant against petitioner. In 1985, a parole revocation hearing was held. The hearing panel recommended revocation of parole. The Parole Commissioner adopted this recommendation. The National Appeals Board of the United States Parole Commission affirmed this decision.[3] In 1991, petitioner finished serving the 20-year federal sentence, and then began serving the consecutive District of Columbia sentence.
 
 
 3
 Petitioner seeks additional parole revocation hearings and the transfer to a District of Columbia prison.
 
 
 4
 The district court properly found that this action had no merit. No liberty interest exists in a District of Columbia parole release. See Brandon v. D.C. Board of Parole, 823 F.2d 644 (D.C.Cir.1987). We AFFIRM for the reasons stated in the attached Memorandum and Order of the district court.
 
 MEMORANDUM AND ORDER
 STIEHL, District Judge:
 
 5
 Petitioner, a District of Columbia parole violator boarded in the federal penitentiary in Marion, brings this habeas corpus action pursuant to 42 U.S.C. Sec. 2241, and asks the court to permit him to proceed in forma pauperis. Petitioner appears pro se; his amended application for the writ is before the court pursuant to 28 U.S.C. Sec. 2254, Rule 4, which applies here at the court's election. Id., Rule 1(b).
 
 
 6
 On September 15, 1976, while on parole following imprisonment for both federal and District of Columbia offenses, petitioner robbed a bank. He pleaded guilty, and on December 17, 1976, he was sentenced in federal court to 20 years' imprisonment. Some seven months later, the U.S. Parole Commission issued a violator warrant against petitioner. On October 21, 1985, the U.S. Parole Commission held a hearing and decided to revoke petitioner's District of Columbia parole and to require him to serve all of his remaining D.C. time, consecutive to his federal sentence.
 
 
 7
 On May 16, 1991, petitioner was "released" from his federal sentence. This release was a paper transaction; Warden Clark, through an officer, executed the return on the violator warrant, and petitioner began to serve his D.C. violator term, still at Marion.
 
 
 8
 The grounds for relief proffered by petitioner in his amended petition and his brief are opaque. He appears to claim the following: (1) Under District of Columbia regulations, the D.C. Parole Board (or its proxy, the U.S. Parole Commission) could only conduct a parole revocation hearing after it executed the violator warrant against petitioner. The warrant, he claims, was executed in 1985 and could not have been executed again in 1991. (2) Under the D.C. regulations, petitioner's D.C. sentence began immediately upon this execution of the warrant in 1985, and petitioner's D.C. sentence must be computed as running from that date. Accordingly, he claims, the D.C. sentence has concluded. (3) The D.C. regulations provide for parole rehearings, ordinarily every 15 to 24 months. Petitioner apparently has not received such rehearings, and claims that his continuing custody therefore violates the law. (4) Finally, petitioner claims that his release from federal custody to D.C. custody requires just that: he must be physically transferred back to the District. Petitioner asks the court to order his immediate discharge.
 
 
 9
 Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.
 
 
 10
 Similarly, when a litigant requests leave to proceed in forma pauperis, the court must review the merits of the complaint or petition to ascertain that it is not frivolous. Even an indigent litigant's motion to proceed in forma pauperis will be denied, and the action will be dismissed, if the action is clearly frivolous or malicious. Wartman v. Milwaukee County Court, 510 F.2d 130, 134 (7th Cir.1975); 28 U.S.C. Sec. 1915(d). An action is frivolous if "it lacks an arguable basis either in fact or law." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds this action to be frivolous and for that reason, too, subject to summary dismissal.
 
 
 11
 This is not Sullivan's first attempt to challenge his continuing custody. In Sullivan v. Henman, No. 87-4112 (S.D.Ill., dismissed April 2, 1987), aff'd, No. 87-1601 (7th Cir. Feb. 29, 1988), petitioner challenged that part of the 1985 Parole Commission ruling that denied him federal parole. Among other things, this court found that petitioner had adequate notice and an opportunity to be heard at the 1985 hearing. In Sullivan v. Henman, No. 87-3032 (S.D.Ill., dismissed Aug. 11, 1988), appeal dismissed, No. 88-2759 (7th Cir. Oct. 26, 1989), the court held, inter alia, that although petitioner became eligible for D.C. reparole on the day he returned to prison, his release would not be mandatory until such time as he completed both his federal term and the consecutive D.C. violator term, with appropriate credits made for good conduct. In Sullivan v. Clark, Civil No. 89-3416, dismissed as frivolous, (S.D.Ill. Apr. 17, 1990), this court denied petitioner's request for D.C. good time credits against his sentence, because his D.C. sentence had not yet commenced.
 
 
 12
 Plaintiff also has two pending lawsuits for damages before this court. Sullivan v. Freeman, No. 89-2869, is a malpractice action against the public defender for his office's representation of petitioner at the 1985 hearing. Sullivan v. U.S., Civil No. 92-119-WLB, is a tort claim action against the government for false imprisonment in connection with petitioner's continuing confinement.
 
 
 13
 Petitioner asserts that the instant action is not repetitive of his prior litigation. Nonetheless, the court is of the opinion that this action is of no arguable merit and must be dismissed.
 
 
 14
 In 1985, the U.S. Parole Commission conducted hearings on petitioner's violation of his federal and D.C. parole some nine years earlier. The Commission acts for the D.C. Parole Board for District prisoners confined in federal prison, and applies the District's parole regulations, guidelines, and procedures. Johnson v. Williford, 821 F.2d 1279 (7th Cir.1987); Ashby-Bey v. Meese, 821 F.2d 1289 (7th Cir.1987); Cosgrove v. Thornburgh, 703 F.Supp. 995 (D.D.C.1988); D.C.Code Sec. 24-209. District law gives the Board or the Commission broad, unfettered discretion in making parole and reparole decisions; the provisions use non-mandatory language in connection with both the grant of parole or reparole and in this context. See, D.C.Code Sec. 24-204 (Board "may" authorize parole); D.C.Mun.Regs. tit. 9, Sec. 105 (1982) (same); D.C.Mun.Regs. tit. 28, Secs. 204.22, 205.2-.3 (1987) (discretion to go outside new D.C. parole guidelines--which were not effective at time of petitioner's hearing--and to grant parole notwithstanding institution discipline problems); D.C.Code Sec. 24-206(a) (unless reparoled, violator shall serve remainder of sentence); D.C.Mun.Regs. tit. 9, Sec. 304 (1982) (same); 28 C.F.R. Sec. 2.66 (1991) (discretion to require consecutive service of D.C. and federal terms). In particular, the regulations in effect in 1985 gave the Board or Commission several options for disposing of a violator warrant when the alleged violator is serving a new sentence, among them, to order that "the warrant be served and thus executed" D.C.Mun.Regs. tit. 9, Sec. 300.2(d) (1982), (i.e. to allow the violator term to be served concurrently with the new term), or to order that a violator warrant "be placed as a detainer against the alleged violator ... to be executed upon release from prison," D.C.Mun.Regs. tit. 9, Sec. 300.2(d) (1982) (emphasis added). This last provision grants discretion to require consecutive service of the violator term.
 
 
 15
 The revocation, in 1985, of petitioner's D.C. parole is not at issue here, and in any event, it was upheld in two of petitioner's earlier habeas actions. The decision to require consecutive service was within the Commission's authority, and the execution of the warrant upon the conclusion of the federal sentence was consistent with that decision and D.C.law.
 
 
 16
 Petitioner may seek habeas corpus relief in this court only to the extent that his confinement violates the federal constitution. "The only basis for granting federal habeas relief is a violation of federal statutory or constitutional law." Mosley v. Moran, 798 F.2d 182, 185 (7th Cir.1986). Nothing in the constitution requires that the federal government, the states, or the District of Columbia create a system of parole or other accelerated release. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). A prisoner may assert a liberty interest in credits towards early release only if mandatory language in the applicable law or regulations limits the discretion of prison officials to deny parole. Id. As already noted, D.C.law and regulations do not limit the discretion of the paroling authority, and it has therefore been held that District prisoners have no liberty interest in a parole release. Brandon v. D.C. Board of Parole, 631 F.Supp. 435, 438-440 (D.D.C.1986), aff'd, 823 F.2d 644 (D.C.Cir.1987). Without such a liberty interest, petitioner has no right to a hearing at all, nor may he sue for the failure of officials to follow their own procedures.
 
 
 17
 Procedures alone do not create a substantive entitlement on which a suit under the due process clause may be based. See, e.g., Hewitt v. Helms, 459 U.S. 460, 471 (1983); Archie v. City of Racine, 847 F.2d 1211, 1217 (7th Cir.1988) (en banc); Mathews v. Fairman, 779 F.2d 409 (7th Cir.1985); Shango v. Jurich, 681 F.2d 1091, 1100-03 (7th Cir.1982).
 
 
 18
 Mayo v. Lane, 867 F.2d 374, 376 (7th Cir.1989). Accordingly, the failure to give petitioner frequent parole rehearings, or to follow procedures cited by petitioner regarding the execution of warrants does not constitute a violation of petitioner's rights and cannot entitle him to habeas corpus relief.
 
 
 19
 Only one issue remains. Petitioner argues that his "release" to D.C. authorities requires his transfer back to the district. It is well settled that prisoners have no right to be confined in a particular prison or prison system, unless some statute or regulation limits the discretion of prison officials to transfer inmates. Meachum v. Fano, 427 U.S. 215 (1976); Olim v. Wakinekona, 461 U.S. 238 (1983). District of Columbia prisoners have no liberty interest in being free of federal custody or in staying out of Marion:
 
 
 20
 The Attorney General may transfer a District of Columbia offender from one institution to another. In fact, the Attorney General's authority to transfer is "clear and apparently limitless." "Courts have consistently held that under [D.C.Code Sec. 24-425], as well as under 18 U.S.C. Sec. 4082 committing Federal offenders to the custody of Attorney General, the Attorney General has the authority to transfer inmates in his discretion (absent constitutionally impermissible reasons) between and within the District of Columbia and Federal corrections systems."
 
 
 21
 Johnson v. Barry, 815 F.2d 1119, 1120-21 (7th Cir.1987) (additions in original; citations omitted). Petitioner may therefore be required to serve his District of Columbia violator term in the Marion penitentiary.
 
 
 22
 Upon careful review of the instant petition for habeas corpus, the court finds that petitioner is not entitled to relief in federal court, and further, that his claims have no reasonable legal or factual basis. Accordingly, leave to proceed in forma pauperis is DENIED, and the petition is summarily DISMISSED. 28 U.S.C. Sec. 1915(d); 28 U.S.C. Sec. 2243; 28 U.S.C. Sec. 2254 Rule 4.
 
 
 23
 IT IS SO ORDERED.
 
 DATED: 3 April 1992
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 No appellee appeared in this appeal, and the case was taken on appellant's brief
 
 
 [3]
 In 1988, this court affirmed the dismissal of petitioner's challenge to the 1985 Parole Commission ruling that denied him federal parole. Sullivan v. Henman, No. 87-1601 (7th Cir. Feb. 29, 1988)